| Fill in this information to identify your case: |
| --- |

United States Bankruptcy Court for the:

EASTERN DISTRICT OF CALIFORNIA

Case number *(if known)* _____     Chapter   **7**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
| --- | --- | --- |
| 1. | Debtor's name | **PEER SERVICES INC.** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **47-1602702** |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
| --- | --- |
| **703 W. Herbert Avenue**<br>**Reedley, CA 93654**<br>Number, Street, City, State & ZIP Code | **P O Box 1286**<br>**Reedley, CA 93654**<br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Fresno**<br>County | Location of principal assets, if different from principal place of business |
| | Number, Street, City, State & ZIP Code |

5. Debtor's website (URL)     **https://www.peerservicesinc.com/**

6. Type of debtor

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **PEER SERVICES INC.**                          Case number (*if known*) _____
          Name

7.  **Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

8.  **Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

■ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

9.  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**    ■ No.
    ☐ Yes.

If more than 2 cases, attach a separate list.

| | District | _____ | When | _____ | Case number | _____ |
| | District | _____ | When | _____ | Case number | _____ |

Debtor    **PEER SERVICES INC.**           Case number (*if known*) _____
      Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____             Relationship _____
District _____   When _____    Case number, if known _____

---

**11. Why is the case filed in *this district*?**

Check all that apply:

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
         Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____
         Contact name _____
         Phone _____

---

**▇ Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

| Debtor | PEER SERVICES INC. | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

☐ $50,001 - $100,000      ☐ $10,000,001 - $50 million      ☐ $1,000,000,001 - $10 billion

☐ $100,001 - $500,000      ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion

☐ $500,001 - $1 million      ☐ $100,000,001 - $500 million      ☐ More than $50 billion

6/09/23 12:37PM

Debtor    **PEER SERVICES INC.**           Case number (*if known*) _____
     Name

**Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    06/09/2023
            MM / DD / YYYY

X _____        **David L. Curtiss**
   Signature of authorized representative of debtor     Printed name

Title    **President/CEO**

**18. Signature of attorney**

X _____      Date   06/09/2023
   Signature of attorney for debtor             MM / DD / YYYY

**Hagop T. Bedoyan 131285**
Printed name

**McCormick, Barstow, Sheppard, Wayte & Carruth**
Firm name

**7647 North Fresno Street**
**Fresno, CA 93720**
Number, Street, City, State & ZIP Code

Contact phone    **559-433-1300**     Email address    **hagop.bedoyan@mccormickbarstow.com**

**131285 CA**
Bar number and State

**United States Bankruptcy Court**
**Eastern District of California**

In re   PEER SERVICES INC.                                          Case No. _____
_____    Chapter   7   _____
                                    Debtor(s)

# STATEMENT REGARDING AUTHORITY TO SIGN AND FILE PETITION

I, David L. Curtiss, declare under penalty of perjury that I am the President/CEO of PEER SERVICES INC., and that the following is a true and correct copy of the resolutions adopted by the Board of Directors of said corporation at a special meeting duly called and held on the 25th day of April, 2023.

"Whereas, it is in the best interest of this corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 7 of Title 11 of the United States Code;

Be It Therefore Resolved, that David L. Curtiss, President/CEO of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a chapter 7 voluntary bankruptcy case on behalf of the corporation; and

Be It Further Resolved, that David L. Curtiss, President/CEO of this Corporation is authorized and directed to appear in all bankruptcy proceedings on behalf of the corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the corporation in connection with such bankruptcy case, and

Be It Further Resolved, that David L. Curtiss, President/CEO of this Corporation is authorized and directed to employ Hagop T. Bedoyan 131285, attorney and the law firm of McCormick, Barstow, Sheppard, Wayte & Carruth to represent the corporation in such bankruptcy case."

Date   06/09/2023 _____              Signed _____
                                                          David L. Curtiss

---

### MEETING OF THE DIRECTORS
### OF
### PEER SERVICES, INC.
### A CALIFORNIA CORPORATION

---

The undersigned, constituting all of the directors of PEER SERVICES, INC., a California corporation ("Corporation"), acting pursuant to the authority of the California Corporations Code, have met this April 25, 2023 by telephonic conference call and all hereby adopt the following resolutions:

WHEREAS, the sole shareholder, MENNONITE BRETHREN HOMES, INC., dba Palm Village Retirement Community, a California nonprofit corporation ("PV"), has made capital contributions to the Corporation in the past and wishes to continue in its sole discretion to make capital contributions to Corporation in the future.

NOW THEREFOR BE IT RESOLVED, that the capital contributions to the Corporation by the PV are hereby ratified and approved.

WHEREAS, the Board desiring to clarify any ambiguity of when contracts with PV were terminated, HEREBY RESOLVES that the Termination Agreement by and between the Corporation and PV dated August 15, 2022 is hereby approved and any officer of Corporation may sign such agreement.

FURTHER, The undersigned, constituting all of the directors of Corporation, except for KEVIN VEITIA who abstains from such vote, acting pursuant to the authority of the California Corporations Code, hereby adopted the following resolution:

WHEREAS, the Board recognizes the severe financial issues facing the Corporation, and the need to wind down the Corporation, including the filing for bankruptcy.

NOW THEREFOR BE IT RESOLVED, The Corporation's President, David Curtiss, as such President sees fit with consultation of legal counsel and Board members, may make all decisions regarding the winding down and bankruptcy of the Corporation, including the retention of Hagop T. Bedoyan and McCormick Barstow LLP, as bankruptcy counsel, and the continued representation by Christopher A. Brown and Fennemore Dowling Aaron. This authority includes the authority of the President to sign documents on behalf of the Corporation relating the winding down



and bankruptcy of Corporation, as the President believes are reasonable.

This approval is executed pursuant to the authority of the California Corporations Code and is to be filed with the records of director meetings.  This approval may be executed in counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same document.  For purposes of this approval, a facsimile, photocopy, .pdf, or similar electronically scanned or DocuSign signature shall be deemed to be as valid and enforceable as an original.

*[Signature page follows]*



29115867.2 100373 0020

Dated effective as of date first written above.

DIRECTORS:

_____
BILL SCHARBACH

_____
GABRIELLE KIRKLAND

_____
DAVID CURTISS

_____
KEVIN VEITIA

6/09/23 12:38PM

**Fill in this information to identify the case:**

Debtor name     PEER SERVICES INC.

United States Bankruptcy Court for the:    EASTERN DISTRICT OF CALIFORNIA

Case number (if known)

☐ Check if this is an
    amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

 Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   *Amended Schedule*
☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐   Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   06/09/2023     X _____
                                       Signature of individual signing on behalf of debtor

                                       **David L. Curtiss**
                                       Printed name

                                       **President/CEO**
                                       Position or relationship to debtor

| Fill in this information to identify the case: | |
| --- | --- |
| Debtor name | **PEER SERVICES INC.** |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals          12/15

Part 1: **Summary of Assets**

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*........................................................................ $      0.00

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*...................................................................... $      275,461.35

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*........................................................................ $      275,461.35

**Part 2:** **Summary of Liabilities**

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................... $      0.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................. $      49,087.50

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................ +$      3,132,960.00

4. **Total liabilities** ....................................................................................
   Lines 2 + 3a + 3b      $      3,182,047.50

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **PEER SERVICES INC.** |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:      Cash and cash equivalents**

1. Does the debtor have any cash or cash equivalents?

☐ No. Go to Part 2.
■ Yes Fill in the information below.

All cash or cash equivalents owned or controlled by the debtor

Current value of debtor's interest

3.   Checking, savings, money market, or financial brokerage accounts *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. **Bank of the Sierra** | Business Checking account | 0870 | $9,954.17 |

4.   Other cash equivalents *(Identify all)*

5.   Total of Part 1.
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

$9,954.17

**Part 2:      Deposits and Prepayments**

6. Does the debtor have any deposits or prepayments?

■ No. Go to Part 3.
☐ Yes Fill in the information below.

**Part 3:      Accounts receivable**

10. Does the debtor have any accounts receivable?

☐ No. Go to Part 4.
■ Yes Fill in the information below.

11.   Accounts receivable

| 11b. Over 90 days old: | 258,249.94 | - | 0.00 | =.... | $258,249.94 |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

Debtor     **PEER SERVICES INC.**                                    Case number *(if known)* _____
           Name

| 12. | Total of Part 3. | $258,249.94 |
|---|---|---|

Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

**Part 4:     Investments**

**13. Does the debtor own any investments?**

☐ No.  Go to Part 5.
■ Yes Fill in the information below.

|  |  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 14. | Mutual funds or publicly traded stocks not included in Part 1<br>Name of fund or stock: | | |
| 15. | Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture<br>Name of entity:                              % of ownership | | |
| 15.1. | Member Interest in Golden Chico Management, LLC            4.5%     % | | Unknown |
| 16. | Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1<br>Describe: | | |

| 17. | Total of Part 4. | $0.00 |
|---|---|---|

Add lines 14 through 16.  Copy the total to line 83.

**Part 5:     Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

**Part 6:     Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:     Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. | Office furniture | | | |
| 40. | Office fixtures | | | |
| 41. | Office equipment, including all computer equipment and communication systems equipment and software<br>Office Furnishings and Equipment of Palm Village Senior Network.  Located in storage at Palm Village Retirement Community 703 W. | Unknown | Liquidation | $5,742.24 |

Official Form 206A/B                    Schedule A/B Assets - Real and Personal Property                    page 2

Debtor    **PEER SERVICES INC.** _____    Case number *(if known)* _____
          Name

          **Herbert Avenue, Reedley, California** _____    _____    _____    _____

---

          **Laptop computer located with Darren Trisel**
          **4813 MacCardy Court, Roseville California**          **Unknown**          _____          **$1,515.00**

---

42.    **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork;
       books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card
       collections; other collections, memorabilia, or collectibles

43.    **Total of Part 7.**                                                              | $7,257.24 |
       Add lines 39 through 42. Copy the total to line 86.

44.    **Is a depreciation schedule available for any of the property listed in Part 7?**
       ■ No
       ☐ Yes

45.    **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
       ■ No
       ☐ Yes

**Part 8:    Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

    ■ No. Go to Part 9.
    ☐ Yes Fill in the information below.

**Part 9:    Real property**

54. **Does the debtor own or lease any real property?**

    ■ No. Go to Part 10.
    ☐ Yes Fill in the information below.

**Part 10:    Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

    ☐ No. Go to Part 11.
    ■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60.    **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61.    **Internet domain names and websites** **https://www.peerservicesinc.com/#home** | $0.00 | | $0.00 |
| 62.    **Licenses, franchises, and royalties** | | | |
| 63.    **Customer lists, mailing lists, or other compilations** | | | |
| 64.    **Other intangibles, or intellectual property** | | | |
| 65.    **Goodwill** | | | |

---

Official Form 206A/B              Schedule A/B Assets - Real and Personal Property                    page 3

| Debtor | **PEER SERVICES INC.** | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

**66.**    **Total of Part 10.**                                       **$0.00**

       Add lines 60 through 65. Copy the total to line 89.

**67.**    **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C.§§ 101(41A) and 107?**
       ■ No
       ☐ Yes

**68.**    **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
       ■ No
       ☐ Yes

**69.**    **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
       ■ No
       ☐ Yes

| Part 11: | All other assets |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
     Include all interests in executory contracts and unexpired leases not previously reported on this form.

     ☐ No.   Go to Part 12.
     ■ Yes   Fill in the information below.

                                                               Current value of
                                                               debtor's interest

**71.**    **Notes receivable**
       Description (include name of obligor)

**72.**    **Tax refunds and unused net operating losses (NOLs)**
       Description (for example, federal, state, local)

**73.**    **Interests in insurance policies or annuities**
       **Nationwide Insurance policy for Directors and Officers**
       **Policy No. EKS3458791**                                     **$0.00**

       **Liability Insurance w/Lloyd's of London via Gallagher**
       **Insurance Co. in effect through 10/23**                          **$0.00**

**74.**    **Causes of action against third parties (whether or not a lawsuit has been filed)**

**75.**    **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

**76.**    **Trusts, equitable or future interests in property**

**77.**    **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

**78.**    **Total of Part 11.**                                         **$0.00**

       Add lines 71 through 77. Copy the total to line 90.

**79.**    **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
       ■ No
       ☐ Yes

Debtor    **PEER SERVICES INC.**           Case number *(If known)* _____
          Name

| Part 12: | Summary |
| --- | --- |

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
| --- | --- | --- |
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $9,954.17 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $258,249.94 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $7,257.24 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*.........................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $275,461.35 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B. Add lines 91a+91b=92** | | $275,461.35 |

PEER SERVICES, INC.
A/R Aging Summary
As of April 25, 2023

| | | 91 Days and Over | Total |
|---|---|---|---|
| California Armenian Home<br>The California Home for the Aged, Inc.<br>dba The Vineyards | 6720 E. Kings Canyon Road, Fresno, CA 9327 | $6,141.95 | $6,141,95 |
| Consolidated Care Homes, Inc. | 6701 Koll Center Pkwy Ste. 250, Pleasanton, CA 94566 | $3,553.09 | $3,553.09 |
| Golden Roseleaf Gardens, OpCo,LLC | 2239 Cattle Dr., Folsom CA 95630 | $36,889.19 | $36,889.19 |
| Golden Roseleaf, LLC | 2239 Cattle Dr., Folsom CA 95630 | $48,110.86 | $48,110.86 |
| Golden Roseleaf Oroville, OpCo,LLC | 2239 Cattle Dr., Folsom CA 95630 | $49,980.35 | $49,980.35 |
| Periscope Capital Investments, LLC | 5900 Balcones Drive, Suite 100, Austin, TX 78731-4257 | $3,000.00 | $3,000.00 |
| Palm Village Retirement Community | 703 W. Herbert, Reedley CA 93654 | $87,000.00 | $87,000.00 |
| Strategic Accounting Solutions | 311 Carolina Street, Louisiana, MO 63353 | $10,602.00 | $10,602.00 |
| St. John's Retirement Village | 135 Woodland Avenue, Woodland, CA 95695 | $12,972.50 | $12,972.50 |
| | | **$258,249.94** | **$258,249.94** |

EXHIBIT A to SCHEDULE A/B #11

041444-000000 9135064.1

| Fill in this information to identify the case: |
|---|
| Debtor name    **PEER SERVICES INC.** |
| United States Bankruptcy Court for the:   **EASTERN DISTRICT OF CALIFORNIA** |
| Case number (if known) _____ |

☐ Check if this is an
   amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ■ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.1** | Priority creditor's name and mailing address<br>**California Dept. of Tax/Fee Admin.**<br>**Account Info. Grp. MIC:29**<br>**P O Box 942879**<br>**Sacramento, CA 94279-0029** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $0.00 | $0.00 |
|  | Date or dates debt was incurred | Basis for the claim:<br>**For Notice Purposes Only** |  |  |
|  | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>■ No<br>☐ Yes |  |  |
| **2.2** | Priority creditor's name and mailing address<br>**Dave Curtiss**<br>**11612 Cardelina Lane**<br>**Atascadero, CA 93422** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $49,087.50 | $15,150.00 |
|  | Date or dates debt was incurred | Basis for the claim:<br>**Unpaid Wages** |  |  |
|  | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (4) | Is the claim subject to offset?<br>■ No<br>☐ Yes |  |  |

| Debtor | **PEER SERVICES INC.** | Case number (if known) | |
|--------|------------------------|------------------------|---|
| | Name | | |

| 2.3 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |
|-----|---|---|---|---|

| 2.3 | Priority creditor's name and mailing address<br><br>**Employment Development Department**<br>**Bankruptcy Special Procedures Group**<br>**P. O. Box 826880  MIC 92E**<br>**Sacramento, CA 94280-0001** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $0.00 | $0.00 |
|---|---|---|---|---|
| | Date or dates debt was incurred | Basis for the claim:<br>**For Notice Purposes Only** | | |
| | Last 4 digits of account number | Is the claim subject to offset? | | |
| | Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | ☒ No<br>☐ Yes | | |

| 2.4 | Priority creditor's name and mailing address<br><br>**Franchise Tax Board**<br>**Bankruptcy Section MS A-340**<br>**P O Box 2952**<br>**Sacramento, CA 95812-2952** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $0.00 | $0.00 |
|---|---|---|---|---|
| | Date or dates debt was incurred | Basis for the claim:<br>**For Notice Purposes Only** | | |
| | Last 4 digits of account number | Is the claim subject to offset? | | |
| | Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | ☒ No<br>☐ Yes | | |

| 2.5 | Priority creditor's name and mailing address<br><br>**Internal Revenue Service**<br>**P. O. Box 7346**<br>**Philadelphia, PA 19101-7346** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $0.00 | $0.00 |
|---|---|---|---|---|
| | Date or dates debt was incurred | Basis for the claim:<br>**For Notice Purposes Only** | | |
| | Last 4 digits of account number | Is the claim subject to offset? | | |
| | Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | ☒ No<br>☐ Yes | | |

## Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

| 3.1 | Nonpriority creditor's name and mailing address<br><br>**Darren Trisel**<br>**4813 MacCardy Court**<br>**Roseville, CA 95747** | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | Unknown |
|---|---|---|---|
| | Date(s) debt was incurred _ | Basis for the claim:  **Former Employee & ongoing medical expenses** | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☒ No ☐ Yes | |

| Debtor | **PEER SERVICES INC.** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 3.2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $460.00 |
|---|---|---|---|

**David Reimer**
**3511 W. Oakridge Avenue**
**Visalia, CA 93291**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: **Business Debt**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Eric C. Perry**
**554 Morgan Drive, Apt. 1**
**Chico, CA 95973**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: **Respondent in EEOC claim filed by Mary Phelan**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.4 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Golden Chico Management, LLC**
**2239 Cattle Dr.**
**Folsom, CA 95630**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: **Business Debt**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Golden Roseleaf Gardens OPCO LLC**
**Attn: Sridhar Nagunuri, AFSOP**
**2239 Cattle Drive**
**Folsom, CA 95630**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: **Management Agreement**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Golden Roseleaf Gardens Propco, LLC**
**Attn: Sridhar Nagunuri, AFSOP**
**2239 Cattle Drive**
**Folsom, CA 95630**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: **Management Agreement Disputed**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Golden Roseleaf Oroville Propco, LLC**
**Attn: Sridhar Nagunuri, AFSOP**
**2239 Cattle Dr.**
**Folsom, CA 95630**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: **Management Agreement**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.8 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Golden Roseleaf Oroville, OPCO, LLC**
**Attn: Baljit S. Bal, AFSOP**
**5800 Stanford Ranch Rd. #710**
**Rocklin, CA 95765**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: **Management Agreement**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| Debtor | __PEER SERVICES INC.__ | Case number (if known) |
|---|---|---|
| | Name | |

| 3.9 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Golden State Real Estate Investments LLC**
**1006 Capitola Way**
**Santa Clara, CA 95051**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  __Management Agreement__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.10 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $0.00 |
|---|---|---|---|

**Hanson Bridgett, LLP**
**Attn: G. Zerounian**
**425 Market St, 26th Floor**
**San Francisco, CA 94105**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  __Golden Roseleaf For Notice Purposes Only__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.11 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Mary Phelan**
**4105 Shirley Place**
**Yuba City, CA 95993**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred  3/06/22

Last 4 digits of account number  0523

Basis for the claim:  __EEOC discrimination claim against  Roseleaf Senior Care, Chico CA |__

Is the claim subject to offset? ☐ No ☐ Yes

---

| 3.12 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $0.00 |
|---|---|---|---|

**Mennonite Brethren Homes**
**703 W. Herbert**
**Reedley, CA 93654**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  __For Notice Purposes Only__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.13 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $3,125,000.00 |
|---|---|---|---|

**Oxford Finance, LLC**
**133 N. Fairfax Street**
**Alexandria, VA 22314**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  __Limited Guaranty Agreement__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.14 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Rajesh Rao**
**931 Miller Avenue**
**Cupertino, CA 95014**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  __Business Debt__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.15 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Ramaprasad Samudrala**
**1062 Jacqeline Way**
**San Jose, CA 95129**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  __Business Debt__

Is the claim subject to offset? ■ No ☐ Yes

---

| Debtor | **PEER SERVICES INC.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**3.16** | Nonpriority creditor's name and mailing address

**Roseleaf Senior Care**
2108 Humboldt
Chico, CA 95928

Date(s) debt was incurred **3/22**

Last 4 digits of account number **__**

As of the petition filing date, the claim is: *Check all that apply.*                    **Unknown**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **EEOC Claim initiated by Mary Phelan**

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.17** | Nonpriority creditor's name and mailing address

**Sridhar Nagunuri**
2239 Cattle Drive
Folsom, CA 95630

Date(s) debt was incurred **__**

Last 4 digits of account number **__**

As of the petition filing date, the claim is: *Check all that apply.*                    **Unknown**

☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: **Business Debt**

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.18** | Nonpriority creditor's name and mailing address

**Strategic Accounting Solutions**
Attn: WM Guy Crouch
311 S. Carolina Street
Louisiana, MO 63353

Date(s) debt was incurred **__**

Last 4 digits of account number **__**

As of the petition filing date, the claim is: *Check all that apply.*                    **$7,500.00**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Business Debt**

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.19** | Nonpriority creditor's name and mailing address

**U.S. Equal Employment Opportunity Com.**
450 Golden Gate Ave. 5 West
P O Box 36025
San Francisco, CA 94102-3661

Date(s) debt was incurred **3/6/22**

Last 4 digits of account number **0523**

As of the petition filing date, the claim is: *Check all that apply.*                    **Unknown**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Claim by Mary Phelan**

Is the claim subject to offset? ■ No  ☐ Yes

---

**Part 3:**  **List Others to Be Notified About Unsecured Claims**

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| **4.1** | **Employment Development Department** Bankruptcy Special Procedures Group P. O. Box 826880  MIC 92E Sacramento, CA 94280-0001 | Line **2.3** ☐ Not listed. Explain **__** | **__** |
| **4.2** | **Law Offices of Angela Hooper** Angela Hooper, Esq. 315 Wall Street, Ste. 8 Chico, CA 95928 | Line **3.16** ☐ Not listed. Explain **__** | **__** |
| **4.3** | **Riddick Law** Attn: Jason Riddick, Esq. 30745 Pacific Coast Highway #353 Malibu, CA 90265 | Line **3.9** ☐ Not listed. Explain **__** | **__** |
| **4.4** | **Riddick Law** Attn: Jason Riddick, Esq. 30745 Pacific Coast Highway #353 Malibu, CA 90265 | Line **3.14** ☐ Not listed. Explain **__** | **__** |

| Debtor | **PEER SERVICES INC.** | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|

| 4.5 | **Riddick Law**<br>**Attn: Jason Riddick, Esq.**<br>**30745 Pacific Coast Highway #353**<br>**Malibu, CA 90265** | Line **3.15**<br>☐ Not listed. Explain ____ | _ |
| 4.6 | **Riddick Law**<br>**Attn: Jason Riddick, Esq.**<br>**30745 Pacific Coast Highway #353**<br>**Malibu, CA 90265** | Line **3.17**<br>☐ Not listed. Explain ____ | _ |
| 4.7 | **Riddick Law**<br>**Attn: Jason Riddick, Esq.**<br>**30745 Pacific Coast Highway #353**<br>**Malibu, CA 90265** | Line **3.4**<br>☐ Not listed. Explain ____ | _ |
| 4.8 | **United States Attorney**<br>**For Internal Revenue Service**<br>**2500 Tulare Street, Suite 1401**<br>**Fresno, CA 93721** | Line **2.5**<br>☐ Not listed. Explain ____ | _ |

**Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. Add the amounts of priority and nonpriority unsecured claims.

| | | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. $ | 49,087.50 |
| 5b. Total claims from Part 2 | 5b. + $ | 3,132,960.00 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. $ | 3,182,047.50 |

| Fill in this information to identify the case: |
| --- |

Debtor name ___**PEER SERVICES INC.**___

United States Bankruptcy Court for the: ___EASTERN DISTRICT OF CALIFORNIA___

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors                                                        12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

Column 1: **Codebtor**                                                    Column 2: **Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply: |
| --- | --- | --- | --- | --- |
| 2.1 | Dale Torry | 2744 Silent Springs Lane Knoxville, TN 37931 | Oxford Finance, LLC | ☐ D _____ ■ E/F _3.13_ ☐ G _____ |
| 2.2 | David Reimer | 3511 W. Oakridge Avenue Visalia, CA 93291 | Oxford Finance, LLC | ☐ D _____ ■ E/F _3.13_ ☐ G _____ |
| 2.3 | Rajesh Rao | 931 Miller Avenue Cupertino, CA 95014 | Oxford Finance, LLC | ☐ D _____ ■ E/F _3.13_ ☐ G _____ |
| 2.4 | Ramaprasad Samudrala | 1062 Jacqeline Way San Jose, CA 95129 | Oxford Finance, LLC | ☐ D _____ ■ E/F _3.13_ ☐ G _____ |
| 2.5 | Sridhar Nagunuri | 2239 Cattle Drive Folsom, CA 95630 | Oxford Finance, LLC | ☐ D _____ ■ E/F _3.13_ ☐ G _____ |

Debtor    **PEER SERVICES INC.**                                            Case number *(if known)*

▔▔▔▔▔▔▔ **Additional Page to List More Codebtors**

**Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.**
*Column 1:* **Codebtor**                                                   *Column 2:* **Creditor**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **PEER SERVICES INC.** |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

1.  **Gross revenue from business**

☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From  **1/01/2023** to **Filing Date** | ■ Operating a business<br>☐ Other | $58,000.00 |
| **For prior year:**<br>From  **1/01/2022** to **12/31/2022** | ■ Operating a business<br>☐ Other | $648,467.62 |
| **For year before that:**<br>From  **1/01/2021** to **12/31/2021** | ■ Operating a business<br>☐ Other  **Gross Receipts** | $941,387.00 |

2.  **Non-business revenue**
    Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

■ None.

| Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3.  **Certain payments or transfers to creditors within 90 days before filing this case**
    List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|

Debtor   **PEER SERVICES INC.** _____     Case number *(if known)* _____

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3.1. **Nationwide Management Liability &**<br>**Specia**<br>**7 World Trade Center, 37th Fl**<br>**250 Greenwich Street**<br>**New York, NY 10007** | **June 1, 2023** | **$20,253.06** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>■ Other **D&O Liability**<br>**Insurance** |
| 3.2. **Bank Direct Capital Finance**<br>**660 Newport Center Drive, Ste. 1050**<br>**Newport Beach, CA 92660** | **May 1, 2023** | **$9,522.72** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>■ Other **Financing for D&O &**<br>**Liability Insurance** |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1. **Dave Curtiss, CEO**<br>**11612 Cardelina Lane**<br>**Atascadero, CA 93422**<br>**Chief Executive Officer** | **10/28/22,**<br>**$590.84;**<br>**2/14/23,$324.**<br>**59;**<br>**3/10/23,**<br>**$163.75** | **$1,079.18** | |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

| Creditor's name and address | Description of the action creditor took | Date action was<br>taken | Amount |
|---|---|---|---|

**Part 3:   Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

Debtor   **PEER SERVICES INC.**                                    Case number *(if known)* _____

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | Mary Phelan, Claimant<br>vs.<br>Eric Perry and Roseleaf<br>Senior Care, Respondendts<br>EEOC No.: 550-2022-00523 | Claim for<br>Discrimination<br>Based on<br>Retaliation, Sex | U.S. Equal Employment<br>Opportunity Com.<br>450 Golden Gate Ave. 5<br>West<br>P O Box 36025<br>San Francisco, CA<br>94102-3661 | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8.  **Assignments and receivership**
    List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

    ■ None

---

### Part 4:   Certain Gifts and Charitable Contributions

9.  **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

    ■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

---

### Part 5:   Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

    ■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

---

### Part 6:   Certain Payments or Transfers

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ☐ None.

Debtor    **PEER SERVICES INC.**                                          Case number *(if known)* _____

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **McCormick, Barstow, Sheppard, Wayte & Ca**<br>**7647 North Fresno Street**<br>**Fresno, CA 93720** | **Attorney Fees for chapter 7 bankruptcy** | **4/19/23** | **$10,000.00** |
| | **Email or website address**<br>**hagop.bedoyan@mccormickbarsto w.com** | | | |
| | **Who made the payment, if not debtor?** | | | |

---

**12. Self-settled trusts of which the debtor is a beneficiary**
   List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
   Do not include transfers already listed on this statement.

   ■ **None.**

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
   List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

   ■ **None.**

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:    Previous Locations**

**14. Previous addresses**
   List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

   ☑ **Does not apply**

| Address | | Dates of occupancy<br>From-To |
|---|---|---|

**Part 8:    Health Care Bankruptcies**

**15. Health Care bankruptcies**
   Is the debtor primarily engaged in offering services and facilities for:
   - diagnosing or treating injury, deformity, or disease, or
   - providing any surgical, psychiatric, drug treatment, or obstetric care?

   ☑ **No. Go to Part 9.**
   ☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:    Personally Identifiable Information**

Debtor   **PEER SERVICES INC.** _____    Case number *(if known)* _____

16. **Does the debtor collect and retain personally identifiable information of customers?**

☑  No.
☐  Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑  No. Go to Part 10.
☐  Yes. Does the debtor serve as plan administrator?

---

**Part 10:   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | **Peoples Bank & Trust Co. fdba Bank of Louisiana P O Box G Troy, MO 63379-0167** | XXXX-9127 | ☑ Checking ☐ Savings ☐ Money Market ☐ Brokerage ☐ Other___ | **5/26/23  Closed account and balanced transferred to Bank of The Sierra** | $733.58 |

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

---

**Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

---

**Part 12:   Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

Debtor   **PEER SERVICES INC.**                                      Case number *(if known)* _____

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

   ■ No.
   ☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and<br>address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

   ■ No.
   ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and<br>address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

   ■ No.
   ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and<br>address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:**   **Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1.   **Golden Roseleaf, LLC**<br>**2239 Cattle Drive**<br>**Folsom, CA 95630** | **Ownership of Senior Living Homes** | **Dates business existed**<br>EIN:     **85-3016738**<br><br>From-To   **9/3/2020 to present date** |

26. **Books, records, and financial statements**
   26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
     ☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26a.1.   **Strategic Accounting Solutions**<br>**Attn: WM Guy Crouch**<br>**311 S. Carolina Street**<br>**Louisiana, MO 63353** | **Past 2 years** |

   26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

Debtor    **PEER SERVICES INC.** _____    Case number *(if known)* _____

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

**Name and address**

**If any books of account and records are unavailable, explain why**

26c.1.    **Strategic Accounting Solutions**
**Attn: WM Guy Crouch**
**311 S. Carolina Street**
**Louisiana, MO 63353**

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

**Name and address**

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| David L. Curtiss | 11612 Cardelina Lane<br>Atascadero, CA 93422 | Vice-Chair/Director Chief Executive Officer | 0% Interest |
| Guy Crouch | 311 Carolina<br>Louisiana, MO 63353 | Chief Financial Officer | 0% interest |
| Gabrielle Kirkland | 703 W. Herbert<br>Reedley, CA 93654 | Chair | 0% interest |
| Mennonite Brethren Homes, Inc. | 703 W. Herbert<br>Reedly, CA | | 100% |
| Bill Scharbach | 703 W. Herbert<br>Reedley, CA 93654 | Director | 0% |
| Kevin Vietia | 703 W. Herbert<br>Reedley, CA 93654 | Director | 0% |

Debtor   **PEER SERVICES INC.** _____     Case number *(if known)* _____

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☐ No
■ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| David Reimer | 3511 W. Oakridge Avenue Visalia, CA 93291 | Director | Resigned position March 2022 |

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
■ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1 | **Dave Curtiss** 11612 Cardelina Lane Atascadero, CA 93422 | Regular Pay: $66,412.50 Salary: $26,442.35 Total:  $92,854.85 | 05/16/22 - 05/14/23 | Salary and Regular pay |
| | **Relationship to debtor** CEO | | | |
| 30.2 | **David Reimer** 3511 W. Oakridge Avenue Visalia, CA 93291 | Salary: $2,000.00 | 05/16/22 - 05/14/23 | Salary |
| | **Relationship to debtor** Director | | | |
| 30.3 | **Darren Trisel** 4813 MacCardy Court Roseville, CA 95747 | Vacation: $38,359.49 Back Pay: $26,500.00 Salary:    $37,019.24 Total:     $101,878.73 | 05/16/22 - 05/14/23 | Vacation/Back Pay/Salary |
| | **Relationship to debtor** Former officer | | | |
| 30.4 | **Dave Curtiss** 11612 Cardelina Lane Atascadero, CA 93422 | 10/28/22 $590.84 02/14/23 $324.59 03/10/23 $163.75 | 10/28/22; 02/14/23; 03/10/23 | Expense reimbursements |
| | **Relationship to debtor** CEO | | | |
| 30.5 | **David Reimer** 3511 W. Oakridge Avenue Visalia, CA 93291 | 08/16/22 $202.36 | 08/16/22 | Expense Reimbursement |
| | **Relationship to debtor** Director | | | |

6/09/23 12:39PM

Debtor   **PEER SERVICES INC.**                          Case number *(if known)*

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
■ Yes. Identify below.

Name of the parent corporation                     Employer Identification number of the parent
                                                   corporation
**Mennonite Brethren Homes, Inc.**                  EIN:      **94-1201204**
**703 W. Herbert Ave.**
**Reedley CA**

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

Name of the pension fund                           Employer Identification number of the pension
                                                   fund

**Part 14:  Signature and Declaration**

**WARNING** – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **06/09/2023**

Signature of individual signing on behalf of the debtor          **David L. Curtiss**
                                                                 Printed name

Position or relationship to debtor   **President/CEO**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Eastern District of California

In re    **PEER SERVICES INC.**               Case No. _____

                              Debtor(s)          Chapter    **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

     For legal services, I have agreed to accept  .................................................  $           **10,000.00**

     Prior to the filing of this statement I have received  ......................................  $           **10,000.00**

     Balance Due  ......................................................................................  $           **0.00**

2.   The source of the compensation paid to me was:

     ■ Debtor      ☐ Other (specify):

3.   The source of compensation to be paid to me is:

     ■ Debtor      ☐ Other (specify):

4.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d. [Other provisions as needed]

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
     **Representation of the debtor(s) in any adversary proceeding.**

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_06/09/2023_

_Date_

                              **Hagop T. Bedoyan 131285**
                              _Signature of Attorney_
                              **McCormick, Barstow, Sheppard, Wayte & Carruth**
                              **7647 North Fresno Street**
                              **Fresno, CA 93720**
                              **559-433-1300  Fax: 559-433-2300**
                              **hagop.bedoyan@mccormickbarstow.com**
                              _Name of law firm_

# United States Bankruptcy Court
## Eastern District of California

In re　　**PEER SERVICES INC.**

　　　　　　　　　　　　　　　Debtor(s)

Case No. _____

Chapter　**7**　_____

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for　**PEER SERVICES INC.**　in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Mennonite Brethren Homes, Inc.**
**703 W. Herbert**
**Reedly, CA**

☐ None [*Check if applicable*]

06/09/2023

Date

_____

Hagop T. Bedoyan 131285

Signature of Attorney or Litigant

Counsel for　　PEER SERVICES INC.

McCormick, Barstow, Sheppard, Wayte & Carruth

7647 North Fresno Street
Fresno, CA 93720
559-433-1300 Fax:559-433-2300
hagop.bedoyan@mccormickbarstow.com